E-FILED
Tuesday, 22 September, 2009  09:36:48 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JERMAIN KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3213 |
| | ) | |
| SHERIFF OF SCHUYLER | ) | |
| COUNTY DON L. | ) | |
| SCHIEFERDECKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Illinois Department of Human Services (Department) and named Department employees' Motion to Dismiss (d/e 64), and Schuyler County Defendants' Partial Motion to Dismiss Counts II, III, V, VI and VIII of Plaintiff's First Amended Complaint (d/e 67).  Plaintiff Jermain King is an African American man.  He worked for the Illinois Department of Human Services (Department) at its Rushville, Illinois, Detention Facility (Facility).  King alleges that he spoke out about the disparity in treatment of African American staff by the Department and also submitted numerous written

1

complaints.  He alleges that the Department and individual employees of the Department conspired to retaliate against him in various ways.  This retaliation ultimately led to his wrongful discharge.  King alleges that certain Department employees falsely reported to the Defendant Schuyler County, Illinois, Sheriff's Office that he was bringing drugs into the Facility.  King alleges that Defendant Sheriff Don L. Schieferdecker and Defendant Deputy Thomas Kanoski subjected him to an illegal full body strip search as a result.[1]  King filed a nine-count Complaint against these Defendants under both federal and state law.  Verified First Amended Complaint (d/e 61) (Complaint).  The Defendants have now filed motions to dismiss.  For the reasons set forth below, the Motions are ALLOWED in part and DENIED in part.

STATEMENT OF FACTS

For purposes of the Motions, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to King.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of

---

[1] The Court is using the names for these Defendants as given in their filings.  See e.g., Schuyler County Defendants' Partial Motion to Dismiss Counts II, III, V, VI and VIII of Plaintiff's First Amended Complaint, at 1.

Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Court may also take judicial notice of matters of public record.  Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994).  When read in that light, the Complaint must set forth a short and plain statement of the claim showing that King is entitled to relief.  Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663 (7th Cir. 2007).

King started working for the Department on January 18, 2005.  At that time, he worked at the Department's detention facility in Joliet, Illinois.  The Joliet facility closed on May 6, 2006, and the operation was relocated to the Facility.  King transferred to the Facility at that time.  Thereafter, King started speaking out about the unfair treatment of African American employees.  King also filed a number of written complaints to his superiors and the Department's Bureau of Civil Affairs (Bureau).  The Bureau investigated corruption and discrimination within the Department.  King also complained about the unwillingness to hire and promote African Americans at the Facility.

King alleges that the following individual Defendant employees at the Facility retaliated against him by making various false accusations and

reports about him, or inducing other employees to make such false accusations: Colette Volk, Darrell Sanders, John Jeslis, Joe Dorsey, Gallager, Dave Kunkel, Joe Hankins, Eugene McAdory, Chris Clayton, Gregg Scott, and Tarry Williams.[2]   King alleges that he suffered adverse disciplinary actions as a result of these false accusations.

On January 18, 2007, a grievance meeting was convened to present and describe acts of unlawful discrimination within the facility.  Present at the meeting were Defendants Sanders and McAdory, and also Defendants Assistant Facility Director Brian Thomas, Facility Director Thomas Monahan, and Director of Forensics Anderson Freeman.  King alleges that these Defendants neglected to make any genuine effort to resolve the issues raised.

On October 28, 2007, and again on November 28, 2007, two residents at the Facility told King that Defendants Scott, Williams, and Clayton were soliciting residents to induce King to bring illegal drugs into

---

[2]Neither the Complaint nor the Defendants state the first name of Defendant Gallager.  The Court is using Defendant Larry Philips' spelling of his last name.  The Complaint also makes one conclusory allegation that Defendant Philips made false accusations, but the exhibit attached to that allegation does not indicate that Philips made any allegations against King. Complaint, ¶67, and attached Exhibit 14. Given the lack of factual detail, the Court will disregard the one conclusory allegation against Philips in the Complaint. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009).

the Facility.

On December 4, 2007, Defendants Sheriff Schieferdecker, Deputy Sheriff Kanoski, and other members of the Sheriff's Office set up road blocks on the road leading to the Facility.  These Defendants stopped the vehicle in which King was riding as a passenger.  The officers stopped the vehicle because they had a traffic warrant for King for driving on a suspended license and failure to appear.  <u>Complaint</u>, Ex. 11, <u>Warrant for Arrest</u>.  The vehicle was owned by another Facility employee.  The Defendants searched the vehicle and then arrested King.  They transported King to the Schuyler County Jail and subjected him to a full body strip search.

Defendant Kanoski told King that Facility personnel contacted the Sheriff's Office and told them to be on the look out for King.  The unnamed personnel provided the year, model, and license plate number of the car in which King would be riding.  <u>Complaint</u>, Exhibit 9.  Apart from the information provided by Facility personnel, Defendants Schieferdecker, Kanoski and the other members of the Sheriff's Office had no basis to suspect that King had illegal drugs on his person or was engaged in any other criminal activity.

The false reports and other retaliation continued until King was ultimately terminated from his employment at the Facility on April 15, 2008. King filed a charge of discrimination with the EEOC and secured a right to sue letter. He then brought this action.

## ANALYSIS

King alleges nine counts in the Complaint:

Count I is a retaliation claim against the Department under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3;

Count II is a federal conspiracy claim under 42 U.S.C. § 1985(3) against the individual Defendants (collectively the Individual Defendants) who were employees of the Department (Department Employees) and the Sheriff's Office (Sheriff's Office Employees);

Count III is a claim under 42 U.S.C. § 1983 against the Individual Defendants for retaliating against King for exercising his First Amendment rights when he spoke out about the treatment of African American employees at the Facility;

Count IV is a claim under § 1983 against the Sheriff's Office Employees and Defendants Scott, Clayton and Williams for subjecting King to an illegal search in violation of the Fourth Amendment;

Count V is a claim under § 1983 against the Sheriff's Office Employees and Defendants Scott, Clayton and Williams for violating King's right to equal protection under the Fourteenth Amendment;

Count VI is a state law claim against all Defendants for intentional infliction of emotional distress;

Count VII is a state law claim for gross negligence against the

6

Department and Defendants Philips, Clayton, Monahan, Freeman, and Sanders for gross negligence in managing the Facility so as to allow the discrimination and retaliation;

Count VIII is a § 1983 municipal liability "<u>Monell</u>" claim against the Sheriff's Office and Sheriff Schieferdecker for liability for the illegal search; and

Count IX is a § 1983 municipal liability "<u>Monell</u>" claim against the Department and Defendant Philips for failure to supervise, train, control and discipline employees at the Facility and, as a result, creating an unreasonable risk of illegal discrimination against African American employees.

The Department and the Department Employees move to dismiss some claims in Counts I, II, IV and VI. The Sheriff's Office, Sheriff Schieferdecker, and the Sheriff's Office Employees move to dismiss all claims against them except for the Count IV illegal search claim. The Court will address each Count in order.

## COUNT I

Count I alleges a Title VII retaliation claim. Title VII prohibits retaliation against an employee because he has opposed unlawful employment practices. 42 U.S.C. § 2000e-3(a). The Department moves to dismiss King's Title VII claim on the grounds that the Department is immune under the Eleventh Amendment. The Department is incorrect. Congress exercised its authority under § 5 of the Fourteenth Amendment to

abrogate Eleventh Amendment immunity to Title VII claims.  <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445, 456-57 (1976); <u>Nanda v. Board of Trustees of University of Illinois</u>, 303 F.3d 817, 831 (7th Cir. 2002).  The Department presents no other challenge to the sufficiency of Count I.  The request to dismiss Count I is, therefore, denied.

<u>COUNT II</u>

Count II alleges a conspiracy claim to deny King his First Amendment rights.  The claim is brought under 42 U.S.C. § 1985(3).  Section 1985(3) establishes a private cause of action against individuals engaged in a conspiracy to deny another individual equal protection under the law.  The section, however, does not authorize a cause of action for conspiracies to deny free speech rights under the First Amendment.  <u>Egan v. City of Aurora</u>, 291 F.2d 706, 707 (7th Cir. 1961).  Count II is dismissed.

<u>COUNT III</u>

Count III alleges a § 1983 claim for violation of King's First Amendment free speech rights.  To state such a § 1983 claim, King must allege that he spoke out on a matter of public concern and the Defendants retaliated against him as a result.  <u>See</u> <u>Connick v. Myers</u>, 461 U.S. 138, 150-51 (1983).  King must also allege that each Defendant was personally

involved in the illegal retaliation.  <u>Crowder v. Lash</u>, 687 F.2d 996, 1005 (7th Cir. 1982).  The Sheriff's Office Employees move to dismiss the claims against them in Count III because King fails to allege sufficient personal involvement.  The Court agrees.  King nowhere alleges that any Sheriff Employee had any knowledge that he spoke out on matters of public concern at the Facility.  King only makes conclusory allegations that the Sheriff Employees conspired with the Facility employees to retaliate against him.  Such broad allegations are not sufficient to state a claim without some factual detail.  <u>Iqbal</u>, 129 S.Ct. at 1950.  King's only factual allegations are that unnamed Facility personnel notified the Sheriff's Office to be on the look out for King because he might be bringing illegal drugs into the Facility.  These factual allegations do not show any connection between the Sheriff Employees' actions and King's First Amendment rights.  Count III is dismissed as to the Sheriff Employee Defendants.

Defendants Philips, Thomas, Monahan, and Freeman move to dismiss the claims against them in this Count.  These Defendants argue that they are only sued in their official capacities.  The Court disagrees.  The Complaint alleges that King brings his claims against them in their personal capacities.  <u>Complaint</u>, ¶¶ 26-29.  The Complaint, however, does not allege

any personal involvement by these Defendants.  At best, the Complaint alleges that they were grossly negligent in allowing conditions to exist in which the violation of King's First Amendment rights could occur.  <u>See Complaint</u>, ¶¶ 101-106.  Such gross negligence is not sufficient to establish § 1983 liability; the individual must act with deliberate or reckless disregard for the Plaintiff's constitutional rights, or knowingly consent to the constitutional deprivation.  <u>Crowder</u>, 687 F.2d at 1005.  King, therefore, fails to state a claim against these four Defendants.  The claims in Count III against Defendants Philips, Thomas, Monahan, and Freeman are dismissed.  The remaining Defendant Department Employees do not move to dismiss the claims against them in Count III.

<u>COUNT IV</u>

Defendants Scott, Williams and Clayton move to dismiss the claims in Count IV regarding the illegal full body search.  These Defendants argue a lack of personal involvement.  The Court agrees.  King alleges that these Defendants engaged in several acts of harassment and retaliation against him.  King also alleges that unnamed Facility personnel contacted the Sheriff's Office to report falsely that he was bringing drugs into the Facility.  These allegations are not enough to state a claim that these particular

Defendants made the false report to the Sheriff's Office, or had any other involvement in the subsequent full body strip search.  The claims against Scott, Williams and Clayton in Count IV are dismissed.  The Sheriff's Office Employees do not move to dismiss Count IV.

COUNT V

Count V alleges that the Sheriff's Office Employees and Scott, Williams, and Clayton denied King his rights to equal protection.  The Sheriff's Office Employees move to dismiss the claims in Count V on the grounds that King fails to state a claim.  The Court agrees.  To state a claim for a denial of equal protection, King must allege that Defendants treated him differently than similarly situated people and had no rational basis for the difference in treatment.  See United States v. Moore, 543 F.3d 891, 896 (7th Cir. 2008).  King makes only a conclusory allegation that the Sheriff's Office Employees treated Caucasians differently than they treated him.  Such conclusory allegations are insufficient to establish the plausibility of this claim.   Ashcroft v. Iqbal, 129 S.Ct. at 1950.   Furthermore, the Complaint alleges that the Sheriff's Office Employees had a rational basis for treating him differently.  The Sheriff's Office Employees had a warrant for King's arrest and had a tip that he was carrying illegal drugs.  King,

11

therefore, fails to state an equal protection claim against the Sheriff's Office Employees in Count V.  These claims are dismissed.  Defendants Clayton, Scott, and Williams have not moved to dismiss Count V.

COUNT VI

Count VI alleges a state law claim for intentional infliction of emotional distress.  The Count alleges that the Individual Defendants are personally liable and that the Sheriff's Office and the Department are liable under the theory of respondeat superior.

The Sheriff's Office and the Sheriff's Office Employees move to dismiss the claim as barred by the statute of limitations.  They are correct. There is a one-year statute of limitations for claims such as this against municipalities and municipal employees.  745 ILCS 10/8-101.  King did not assert this claim until May 29, 2009.  The only alleged wrongful conduct by these Defendants occurred in December 2007, more than one year earlier. The claim is therefore barred.

The Department moves to dismiss because the Eleventh Amendment bars the claims in Count VI against it.  This is correct.  The respondeat superior claim against the Department is barred by the Eleventh Amendment.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S.

89, 100 (1984).  The bar also extends to all claims against Department Employees brought in their official capacity.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985).

Defendants Philips, Thomas, Monahan, and Freeman also move to dismiss the claims against them in Count VI.  They again assert that King is only suing them in their official capacities.  The Court again disagrees.  The Complaint, however, fails to allege that these Defendants engaged in any intentional wrongful conduct.  Thus, the Complaint fails to state a claim for intentional infliction of emotional distress against Philips, Thomas, Monahan, and Freeman.  <u>See</u> <u>Feltmeier v. Feltmeier</u>, 333 Ill.App.3d 1167, 1172, 777 N.E.2d 1032, 1036 (Ill.App. 5th Dist. 2002) (intentional infliction claim requires intentional conduct).  The remaining Defendant Department Employees do not move to dismiss the claims against them in Count VI.

<u>COUNT VII</u>

Count VII is a state law claim against the Department, Philips, Monahan, Freeman, Clayton, and Sanders for gross negligence and mismanagement of the Facility that resulted in the illegal treatment of King.  The Department and Defendants Philips, Monahan, and Freeman move to

dismiss.  As explained above, state law claims against the Department and against Department Employees in their official capacities are barred by the Eleventh Amendment.  Furthermore, these state law claims against Philips, Monahan, and Freeman are barred by the Illinois immunity statute.  745 ILCS 5/1; <u>Richman v. Sheahan</u>, 270 F.3d 430, 441 (7th Cir. 2001).  The claims in Count VII against these Defendants are dismissed.  Defendants Clayton and Sanders do not move to dismiss the claims against them in Count VII.

<u>COUNT VIII</u>

Count VIII is a § 1983 municipal liability "<u>Monell</u>" claim against the Sheriff's Office for the alleged illegal search of King.  A municipality is liable under § 1983 for the actions of its employees if those actions were taken pursuant to the policy, custom or practice of the municipality, or if the actions were taken by, or at the direction of, the person with final policy making authority for the municipality.  <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 690 (1978); <u>Kujawski v. Board of Com'rs of Bartholomew County, Ind.</u>, 183 F.3d 734, 737 (7th Cir. 1999).  King alleges that Sheriff Schieferdecker had final policy making authority for the Sheriff's Office and that the wrongful search occurred pursuant to

14

his illegal policies and practices. <u>Complaint</u>, ¶¶ 110-11. A county sheriff in Illinois may be the person with final policy making authority for a sheriff's office. <u>See</u> <u>Franklin v. Zaruba</u>, 150 F.3d 682, 685 (7th Cir. 1998). Based on these allegations, King states a claim. The request to dismiss Count VIII is denied.

<u>COUNT IX</u>

Count IX purports to allege a § 1983 municipal liability "<u>Monell</u>" claim against Defendant Philips. Philips, however, did not work for a municipality; he worked for the state. Thus, the <u>Monell</u> case does not apply. Apart from the misnomer, however, Count IX alleges that Philips, through his policies and inaction, allowed a situation to exist at the Facility that presented an unreasonable risk of injury to African American employees, including King. <u>Complaint</u>, ¶ 116. As explained above, allegations of such negligent failures do not demonstrate sufficient personal involvement or intent necessary to establish liability under § 1983. <u>See</u> <u>Crowder</u>, 687 F.2d at 1005. Count IX is dismissed.

THEREFORE, Defendants' Motion to Dismiss (d/e 64), and Schuyler County Defendants' Partial Motion to Dismiss Counts II, III, V, VI and VIII of Plaintiff's First Amended Complaint (d/e 67) are ALLOWED in part

and DENIED in part:

Count II is dismissed;

The claims in Count III against Defendants Schuyler County Sheriff's Office, Sheriff Don L. Schieferdecker, Deputy Kanoski, Larry Philips, Brian Thomas, Thomas Monahan, and Anderson Freeman are dismissed;

The claims in Count IV against Defendants Chris Clayton, Gregg Scott, and Tarry Williams are dismissed;

The claims in Count V against Defendants Schuyler County Sheriff's Office, Sheriff Don L. Schieferdecker, and Deputy Kanoski are dismissed;

The claims in Count VI against Defendants Schuyler County Sheriff's Office, Sheriff Don L. Schieferdecker, Deputy Kanoski, the Illinois Department of Human Services, Larry Philips, Brian Thomas, Thomas Monahan, and Anderson Freeman are dismissed;

The claims in Count VII against Defendants Illinois Department of Human Services, Larry Philips, Brian Thomas, and Thomas Monahan are dismissed; and

Count IX is dismissed.

Defendants Philips, Thomas, Monahan and Freeman are dismissed as parties to this action.  The Motions are otherwise DENIED.  The following claims remain:

Count I against the Department;

Count III against the Department Employees other than Philips, Thomas, Monahan, and Freeman;

Count IV against the Sheriff's Office Employees;

Count V against Defendants Clayton, Scott, and Williams;

Count VI against Department Employees other than Philips, Thomas, Monahan, and Freeman;

Count VII against Defendants Clayton and Sanders; and

Count VIII against the Sheriff's Office.

Defendants are directed to file answers by October 9, 2009, to the claims that have not been dismissed.

IT IS THEREFORE SO ORDERED.

ENTER:   September 22, 2009

   FOR THE COURT:

       _____ s/  Jeanne E. Scott _____
         JEANNE E. SCOTT
      UNITED STATES DISTRICT JUDGE