IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JERMAIN KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3213 |
| | ) | |
| SHERIFF OF SCHUYLER COUNTY | ) | |
| DON L. SCHIEFERDECKER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Plaintiff Jermain King's Objection Opposing the Defendants' Respective Bill of Costs (d/e 156).  For the reasons that follow, the Objection is GRANTED.

I.  BACKGROUND

On September 9, 2011, judgment was entered in favor of Defendants Illinois Department of Human Services et al. and Defendants Don L. Schieferdecker and Thomas Kanoski.  See d/e 141.  Thereafter, Defendants Illinois Department of Human Services et al. filed a Bill of Costs seeking $755.66 (d/e 149) and Defendants Schieferdecker and

Kanoski filed a Bill of Costs seeking $399.66 (d/e 151).  Plaintiff has objected to Defendants' Bill of Costs (d/e 156) on the basis that he is indigent.

## II.  ANALYSIS

Under Federal Rule of Civil Procedure 54(d), costs shall be allowed to the prevailing party unless the court orders otherwise.  Fed.R.Civ.P. 54(d).  The presumption that costs be awarded to the prevailing party may be overcome by a showing of indigency.  Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (1983).  However, it remains within the court's discretion whether to award costs under Rule 54(d).  McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994).

When determining whether to hold an indigent party liable for costs, the court  (1) "must make a threshold factual finding that the losing party is 'incapable for paying the court-imposed costs at this time or in the future'"; and (2) "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case."  Rivera v. City of Chicago, 469 F.3d 631, 635 (7th

Cir. 2006).

Here, Plaintiff asserts that this Court should deny Defendants' Bill of Costs because the Court previously found him indigent and found the appeal was taken in good faith.  See September 30, 2011 Text Order (finding Plaintiff without funds to pay the filing fee and finding the appeal was taken in good faith).  Defendants have not filed a response to Plaintiff's Objection.

In accordance with Rivera, this Court first determines whether Plaintiff is incapable of paying the costs at this time or in the future. Plaintiff's affidavit, which was attached to his motion to proceed on appeal in forma pauperis, reflected that Plaintiff, age 29, had no income and no assets.  His only listed expense was a $20.00 per month payment for "[A]limony, maintenance, and support paid to others."  Plaintiff did not expect any major changes to his monthly income, expenses, or assets during the next year.  Plaintiff listed three children who relied on him for support.  In addition, evidence submitted during summary judgment indicated Plaintiff was blind in his right eye.  This Court finds that

Plaintiff is incapable for paying the costs at this time or in the future.

This case is distinguishable from Rivera, 469 F.3d at 637, in which the Seventh Circuit found that the district court abused its discretion in denying costs be awarded to the prevailing party. In Rivera, the plaintiff did not provide the court with a schedule of expenses and did not identify a basis for finding that she would be incapable of paying the costs in the future. Id. The plaintiff was employed full-time, had no medical problems, and had a $175,000 judgment against a prisoner (and had not yet filed a citation to discovery that prisoner's assets to determine whether he had any assets to satisfy the judgment). Id. In contrast here, the information submitted by Plaintiff indicates he has no ability to pay the costs at this time and is unlikely to be able to pay them in the future.

Second, this Court considers the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case. The amount of costs are $1,155.12, a large amount in light of Plaintiff's lack of any income or assets. The Court also finds that

Plaintiff brought the case in good faith. Finally, although the Court does not find that the issues were particularly close or difficult, the Court does find this factor is neutral.

Because Plaintiff has overcome the presumption that costs be awarded to the prevailing party, Plaintiff's Objection (d/e 156) is GRANTED and the Bill of Costs (d/e 149, 151) are DENIED.

ENTER: November 4, 2011

FOR THE COURT:

                                            s/Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                              UNITED STATE DISTRICT JUDGE